UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 41 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| STEVEN DOMBROWSKI | ) | |

## OPINION AND ORDER

The Government has charged the Defendant, Steven Dombrowski, with insider trading in violation of 17 C.F.R. § 240.10b-5, which was promulgated under § 10(b) of the Securities Exchange Act of 1934, codified as 15 U.S.C. § 78a *et seq*. The sixteen count Indictment alleges that Dombrowski misappropriated for his own benefit material nonpublic information that he obtained by way of his position as the Director of Audit for Allscripts Healthcare Solutions, Inc. ("Allscripts"). Now before the Court is Dombrowski's motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Dombrowski contends that the Indictment does not adequately allege the elements of the offense because it charges him with trading Allscript securities merely while in possession of material nonpublic information. Dombrowski asserts that the Government must instead allege and prove that his trades were motivated by this inside information. The Court finds that the Indictment adequately alleges a violation of the Securities Exchange Act, and therefore, the Court denies Dombrowki's motion to dismiss [17].

### BACKGROUND

Dombrowski served as Director of Audit at Allscripts. Allscripts' common stock is traded on the NASDAQ stock market under the symbol MDRX. Allscripts publicly discloses information about its expenses, sales, revenues, and earnings on a quarterly basis. On April 26,

2012, Allscripts announced that its financial performance during the first quarter of 2012 was worse than the market had anticipated, causing Allscripts' stock price to decline. The Indictment alleges that as Director of Audit, Dombrowski learned of material information about Allscripts' financial performance before Allscripts announced the information to the public.

The Government alleges that Dombrowski controlled a trading account that was held in his wife's maiden name. The Indictment further alleges that in April of 2012, before Allscripts announced its first quarter earnings, Dombrowski used this trading account to short-sell 1,000 shares of Allscripts stock and to purchase put options[1] in Allscripts stock on eleven different occasions. Once Allscripts announced its first quarter 2012 earnings and its stock price fell, Dombrowski allegedly purchased 1,000 shares of Allscripts stock, offsetting the short sale, and sold the put options that he had purchased earlier in the month. The Government alleges that these transactions netted Dombrowski a profit of approximately $286,211.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) provides that a criminal defendant may, prior to trial, move to dismiss an indictment or information as defective. In determining whether an indictment is defective, courts first look to the Sixth Amendment to the Constitution, which sets out that criminal defendants "shall enjoy . . . the right to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Additionally, Federal Rule of Criminal Procedure 7(c)(1) states that an indictment or information must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

---

[1] A put option is a security instrument that entitles its holder to sell a specific number of shares of a company's stock within a certain time period at a specified price. It is the inverse of a call option, which entitles its holder to purchase a quantity of stock shares at a specified price.

"An indictment is constitutionally sufficient and satisfies Fed. R. Crim. P. 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so she may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974)). The Supreme Court has long held and recently confirmed that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956); *see also Kaley v. United States*, --- U.S. ----, 134 S. Ct. 1090, 1097, 188 L. Ed. 2d 46 (2014). A motion to dismiss an indictment does not challenge the strength of the Government's case or the sufficiency of the evidence. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Rather, when ruling on a motion to dismiss, the Court must determine "whether it's possible to view the conduct alleged" as constituting the crime charged. *Id.* "Indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation omitted) (internal quotation marks omitted).

## ANALYSIS

Dombrowski moves to dismiss the Indictment as defective on the basis that it charges him only with trading while possessing inside information regarding Allscripts' financial results. He argues that instead the Indictment must allege that he used this information or that the information caused him to trade as he did. In support of this argument, Dombrowski cites cases that discuss the standard of proof that the Government must satisfy at trial. *See United States v. O'Hagan*, 521 U.S. 642, 652, 117 S. Ct. 2199, 138 L. Ed. 2d 724 (1997); *S.E.C. v. Lipson*, 278

3

F.3d 656, 670 (7th Cir. 2002); *United States v. Anderson*, 533 F.3d 623, 630 (8th Cir. 2008); *United States v. Smith*, 155 F.3d 1051, 1066 (9th Cir. 1998); *S.E.C. v. Adler*, 137 F.3d 1325, 1337 (11th Cir. 1998). These cases support the proposition that, in order to convict a defendant of insider trading, the Government must prove that the defendant traded on the basis of inside information. However, none of these cases stands for the proposition that an insider trading indictment must explicitly allege that a defendant used inside information in order to satisfy the requirements of the Constitution or the Federal Rules of Criminal Procedure. In fact, Dombrowski does not cite any relevant authority outlining the Government's burden in drafting the Indictment.[2]

> Rule 10b-5 provides:
>
> It shall be unlawful for any person . . . by the use of any means or instrumentality of interstate commerce . . . or of any facility of any national securities exchange,
>   (a) To employ any device, scheme, or artifice to defraud,
>   . . .
> in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. The Indictment sets out the elements of a violation of the Rule 10b-5 by alleging that in April of 2012, Dombrowski "willfully used and employed, in connection with the purchase of a security, a manipulative and deceptive device and contrivance." Doc. 2 ¶ 2. Individuals may violate Rule 10b-5 a few different ways. "Under the 'traditional' or 'classical theory' of insider trading liability, § 10(b) and Rule 10b-5 are violated when a corporate insider trades in the securities of his corporation on the basis of material, nonpublic information." *O'Hagan*, 521 U.S. at 651–52. While Dombrowski cites to *Smith* and *Adler* in support of his argument that the Indictment must specifically allege that he used the inside information in

---

[2] Dombrowski also attaches to his motion indictments from other insider trading cases in which the Government explicitly alleged that the defendant relied on the inside information in making the trades. These indictments are not binding on the Government here, nor are they relevant to the question of whether the Indictment in this case was sufficient under the governing standards.

4

making his trades as opposed to knowingly possessing that information, those cases were decided before the SEC's promulgation of Rule 10b5-1 in 2000, which specifically provides the definition for "on the basis of" in insider trading cases. *S.E.C. v. Moshayedi*, 2013 U.S. Dist. LEXIS 143624 *43-44 (C.D. Cal. September 23, 2013). Rule 10b5-1's "awareness" or "knowing possession" standard is an agency determination that is entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Dec. Council, Inc.,* 467 U.S. 837, 843-44 (1984). Thus, the Court declines to find that the Government must specifically allege in the Indictment use of the inside information when the SEC has determined that the proper standard is awareness.

Additionally, the Indictment expands on the bare elements of a violation, alleging further that Dombrowski knew of non-public information material to Allscripts' stock price in April of 2012 and that he stealthily engaged in sixteen transactions in Allscripts stock between April 10 and 27, 2012. The Government alleges that each of these transactions was designed to, and ultimately did, net Dombrowski a profit when Allscripts announced its quarterly earnings on April 26, 2012. The Court finds that, in the context of the entire Indictment, its second paragraph "tracks the language of the statute[ ] in sufficient detail to leave no question of the nature of the charges." *United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir. 1989); *see also United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (collecting cases for the proposition that indictments need not be any more specific than the corresponding statutory language so long as they sufficiently orient the defendant to the factual circumstances so as to allow him to prepare a defense and invoke double jeopardy).

Finally, given the Seventh Circuit's guidance in *Agostino*, *Moore*, and *Smith*, the Court finds that the Indictment is legally sufficient. The Indictment states the elements of the crime charged, informs Dombrowski of the nature of the charge so that he may prepare a defense, and

enables him to plead any judgment in response to any future prosecution for the same offense. *See Agostino*, 132 F.3d at 1189. It is also possible for the Court to view the conduct alleged as constituting the crime charged. *Moore*, 563 F.3d at 586. When read practically and as a whole, *Smith*, 230 F.3d at 305, the Indictment sufficiently alleges that Dombrowski violated each element of Rule 10b-5 so as to withstand a motion to dismiss.

## CONCLUSION

For the above stated reasons, Dombrowski's motion to dismiss the Indictment [17] is denied.

Dated: July 15, 2014

_____
SARA L. ELLIS
United States District Judge